UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | Crim. No. ELH-14-0271 |
| | : | |
| | : | |
| **KEYON PAYLOR,** | : | |
| | : | |
| Movant | | |

**SUPPLEMENTAL RESPONSE TO MOTION TO**
**VACATE JUDGMENT UNDER 28 U.S.C. SECTION 2255**

The United States of America, by Erek L. Barron, United States Attorney for the District of Maryland, and Tamera L. Fine, Assistant United States Attorney for said District, hereby respond to Keyon Paylor's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF 98) (hereinafter "the Motion."). Although the government does not concur entirely in the reasoning set forth in the Motion, based on a variety of factors, the government submits that Paylor's conviction should be vacated, in the interest of justice.

**BACKGROUND**

On or about June 4, 2014, the government produced evidence to a grand jury showing that, on January 2, 2014, four Baltimore Police Department officers, including Detective Daniel Hersl (hereafter "Hersl"), encountered Keyon Paylor (hereinafter, "Paylor"). When he fled, they followed him. According to Hersl, who wrote all of the reports for the events of that day, Paylor placed what appeared to be a black handgun under the cushion of a porch chair at his residence before entering said residence. Officers apprehended Paylor in the house and took him outside, where the firearm was recovered from under the cushion. Based on this evidence, the grand jury

indicted Paylor on one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). ECF 1.

In jail calls to family members shortly after his arrest, Paylor claimed that the gun had been planted and alleged that officers had searched through his possessions and stole money from his residence. Paylor sought potential Internal Affairs Department (hereafter"IAD") files. After reviewing them in camera, the District Court released only four complete files and one redacted file, all about Hersl (out of 30 responsive files). However, on April 21, 2015, Paylor signed a written plea agreement, pled guilty under oath, and admitted possessing the firearm. ECF 76. On July 22, 2015, the district court sentenced Paylor to an agreed-upon term of 60 months imprisonment, to be followed by a three-year term of supervised release. ECF 83.

Nearly two years later, on February 23, 2017, a grand jury returned an indictment against Detective Hersl charging him and six other Baltimore City police officers with numerous crimes committed between 2014 and 2016, including racketeering, Hobbs Act robbery, and extortion. On June 15, 2017, as part of the ongoing investigation, the government questioned Paylor about the circumstances of his January 2014 arrest. Following this interview, on July 5, 2017, the government presented Paylor's testimony to the grand jury investigating Hersl and others.

Also on July 5, 2017, although no charges were developed from this testimony, the government filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure seeking a reduction in Paylor's sentence "in recognition of his substantial assistance to the Government" in the case against Detective Hersl. ECF 86. But, Paylor declined the sentence reduction, saying he feared retribution. ECF 89. As a result, the government withdrew the motion on or about July 11, 2017. *Id.*

On May 11, 2018, Mr. Paylor finished serving his term of imprisonment. He was then released to serve a term of supervised release. On September 5, 2019, while on supervised release,

2

Paylor was indicted on state charges of robbery and having a handgun on his person. He pled guilty to those charges and was sentenced in state court. As a result, this Court found him in violation of the terms of his supervised release and sentenced him to an additional period of incarceration of 15 months. ECF 184.

Meanwhile, on February 13, 2018, a federal jury found Hersl guilty of extortion, racketeering, and Hobbs Act robbery, including behavior similar to that alleged by Paylor. On March 12, 2018, Paylor filed a petition under 28 U.S.C. § 2255, seeking to vacate his conviction and withdraw his guilty plea, claiming it was involuntary because information about Hersl's history of misconduct had been withheld from him. ECF 98. Mr. Paylor also requested discovery and a hearing. The government opposed. ECF 114. On November 22, 2019, the District Court dismissed the petition, relying on Paylor's guilty plea admission. ECF 159.

Mr. Paylor appealed the dismissal to the United States Court of Appeals for the Fourth Circuit which construed the facts in Paylor's favor, because no evidentiary hearing had been held prior to dismissal of the petition. As a result, the Court of Appeals found that it "cannot say that the record 'conclusively shows' that Appellant [Paylor] is entitled to no relief." *United States v. Paylor*, 88 F.4th 553, 566 (4th Cir. 2024). It vacated the District Court's order and remanded the case "for discovery and an evidentiary hearing." *Id.* On February 7, 2024, the District Court ordered the parties to engage in and complete discovery within 90 days. ECF 190.

**DISCUSSION**

Section 2255(b) of Title 28 provides that, if a district court determines that a petitioner is entitled to relief under the statute, it may vacate and set aside the conviction, discharge the prisoner, grant a new trial, or may "correct the sentence as may appear appropriate." That provision confers a "broad and flexible" power to district courts to fashion an "appropriate remedy" in § 2255 cases.

3

*See United States v. Hillary*, 106 F.3d 1170, 1171-72 (4th Cir. 1997) (citing *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992)).

In this case, considering the broad discretion afforded the Court, and particularly in light of the unique circumstances of this case, the government submits that the Court should grant the relief sought by Paylor and vacate his guilty plea.  Specifically, on remand, the government conducted a review of the details of this case.  This review considered a wide range of factors, including: the prosecutors' good faith pursuit of justice; the need to protect communities from violent crime, the need to uphold the rule of law and ensure that no one is above the law; the need to honor statements made under oath; and the importance of wisely using government and judicial resources.[1]  Importantly, the government pursues these interests while promoting public confidence in the fair administration of justice.  *See United States v. Fisher*, 711 F.3d 460, 470 (4th Cir. 2013).

Here, on review of the record and surrounding circumstances underlying Paylor's guilty plea, the government notes that four officers were involved in his arrest.  One of those officers was Hersl who, although not the seizing officer, wrote the report of the incident, and has since been convicted for a pattern of misconduct similar to the behavior alleged by Paylor shortly after the incident and during Paylor's testimony to a grand jury.  While these prosecutions were based on the government's reasonable belief in the evidence and by substantial federal interests, public confidence cannot sustain irreconcilable versions of one event.

Without conceding the verity of all Paylor's assertions in his motion, based on its review of the totality and unique circumstances of his case, the government submits that the interests of justice favor acceding to the relief sought and consents to the vacatur of Paylor's guilty plea.  On

---

[1] Mr. Paylor has now served the entirety of the term of imprisonment that wa6s originally imposed, as well as a 15-month sentence for violations of supervised release on said sentence that ran concurrent to his state sentence for his state convictions for robbery and a handgun violation.  He has a short period of federal supervised release remaining.

the vacatur of Paylor's plea, the government would dismiss the indictment with prejudice. Counsel for Paylor have been consulted and consent to this process.

## CONCLUSION

Therefore, based on the foregoing, and in the interest of justice, the government submits that habeas relief should be granted and Paylor's conviction should be vacated.

Respectfully submitted,

/s

Erek L. Barron,
UNITED STATES ATTORNEY
Tamera L. Fine,
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically filed via CM/ECF which provides notice to counsel of record.

_____/s/_____

Tamara L. Fine
Assistant United States Attorney